# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| MARC WATERMAN, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. _____ |
| v. | )<br>) JURY TRIAL DEMANDED |
| MDC PARTNERS INC., MARK PENN, CHARLENE BARSHEFSKY, WADE OOSTERMAN, ASHA DANIERE, DESIRÉE ROGERS, BRADLEY GROSS, IRWIN D. SIMON, STAGWELL MEDIA LP, NEW MDC LLC, and MIDAS MERGER SUB 1 LLC, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On December 21, 2020, MDC Partner Inc.'s ("MDC" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused MDC to enter into a definitive transaction agreement (the "Merger Agreement") with Stagwell Media LP ("Stagwell"), New MDC LLC ("New MDC"), and Midas Merger Sub 1 LLC ("Merger Sub").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) MDC will domesticate to a Delaware corporation; (ii) MDC will merge with and into Merger Sub, with MDC surviving as a direct subsidiary of New MDC; (iii) MDC will combine MDC's business with the business of Stagwell's subsidiaries that own and operate a portfolio of marketing services companies (the "Stagwell Entities"); and (iv) the existing holders of MDC's Class A and Class B

shares will own approximately 26% of the common equity of combined company (the "Proposed Transaction").

3. On February 8, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of MDC common stock.

9. Defendant MDC is a Canadian corporation and maintains its principal executive offices at One World Trade Center, Floor 65, New York, New York 10007. MDC's common stock is traded on the NASDAQ under the ticker symbol "MDCA."

10. Defendant Mark Penn is Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant Charlene Barshefsky is a director of the Company.

12. Defendant Wade Oosterman is a director of the Company.

13. Defendant Asha Daniere is a director of the Company.

14. Defendant Desirée Rogers is a director of the Company.

15. Defendant Bradley Gross is a director of the Company.

16. Defendant Irwin D. Simon is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Stagwell is a Delaware limited partnership and a party to the Merger Agreement.

19. Defendant New MDC is a Delaware limited liability company, a wholly-owned subsidiary of MDC, and a party to the Merger Agreement.

20. Defendant Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of New MDC, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

21. MDC is one of the most influential marketing and communications networks in the world.

22. By leveraging technology, data analytics, insights, and strategic consulting solutions, the Company drives creative excellence, business growth, and measurable return on marketing investment for over 1,700 clients worldwide.

23. On December 21, 2020, MDC's Board caused the Company to enter into the Merger Agreement.

24. Pursuant to the terms of the Merger Agreement, among other things: (i) MDC will domesticate to a Delaware corporation; (ii) MDC will merge with and into Merger Sub, with MDC surviving as a direct subsidiary of New MDC; (iii) MDC will combine MDC's business with the business of the Stagwell Entities; and (iv) the existing holders of MDC's Class A and Class B shares will own approximately 26% of the common equity of the combined company.

25. According to the press release announcing the Proposed Transaction:

MDC Partners Inc. ("MDC") (NASDAQ: MDCA) and Stagwell Media LP ("Stagwell") announced today that they have entered into a definitive transaction agreement (the "Transaction Agreement") to combine their respective businesses, uniting the award-winning talent of MDC with the advanced technology platform of Stagwell to create the transformative marketing company today's marketplace demands (the "Transaction"). Together, the companies will significantly expand their range of best-in-class capabilities, depth of expertise, and geographic footprint to deliver expanded value to clients, and meaningfully accelerate the combined company's growth. . . .

The combined company will provide the balance of integrated solutions that modern marketers need to succeed, including second-to-none creativity and communications, scaled media and data capabilities, superior consumer insights, technology development and innovation, and digital transformation. Without giving effect to any conversion of outstanding preference shares, the pre-Transaction holders of MDC Class A and Class B shares ("MDC Shares") would receive 26% of the common equity of the combined company and Stagwell would receive share consideration equal to 74% of the common equity of the combined company (excluding Stagwell's ownership in the combined company derived from its ownership of pre-Transaction MDC Shares), each on a pro forma basis. Stagwell and its affiliates are expected to hold approximately 79% of the common equity of the combined company immediately after closing of the Transaction (assuming no conversion of outstanding preference shares of MDC). . . .

Transaction Structure

Under the terms of the Transaction Agreement, the Transaction will be effected using an "Up-C" partnership structure, to permit additional basis step-up and depreciation for the combined company. Pursuant to the Transaction, MDC will be converted into a limited liability company that holds both Stagwell's subsidiaries and MDC's operating assets and Stagwell will contribute its operating businesses to MDC as so converted. The limited liability company will be owned in part by a newly-formed NASDAQ-listed company incorporated in Delaware ("New MDC"), and in part by Stagwell. On a pro forma basis, without giving effect to any conversion of outstanding preference shares of MDC, the pre-Transaction holders of MDC Shares would own 26% of the common equity of New MDC and Stagwell shareholders would be issued shares of a new Class C series equivalent to 74% of the common equity of New MDC and exchangeable into shares of New MDC Class A Shares on a one-for-one basis at Stagwell's election.

Additionally, MDC and Stagwell will enter into a tax receivable agreement pursuant to which New MDC and Stagwell will share in the economic benefits of tax attributes resulting from Stagwell's exchanges of "Up-C" units.

Concurrently with the execution of the Transaction Agreement, MDC and an affiliate of Goldman Sachs, as sole holder, agreed to renegotiate the terms of MDC's issued and outstanding Series 4 convertible preference shares (the "Goldman Amendments"). The revised terms reduce the conversion price from $7.42 to $5.00 and extend accretion for two years at a reduced rate of 6%. In connection with the Transaction, an affiliate of Goldman Sachs, as holder, will have the right to redeem up to $30 million of its preference shares in exchange for a $25 million subordinated note or loan with a 3 year maturity (i.e., exchange at an approximately 17% discount to face value). The $25 million note or loan will accrue interest at 8.0% per annum and is pre-payable any time at par without penalty.

Subject to market conditions and other factors, MDC intends to conduct a consent solicitation for certain waivers and amendments to its 6.50% senior notes due 2024 (the "Notes") necessary to close the Transaction.  MDC has entered into consent and support agreements with holders of more than 50% of the aggregate principal amount of its Notes to consent to the necessary waivers and amendments in the consent solicitation. . . .

Advisors

Moelis & Company LLC is serving as financial advisor, and Canaccord Genuity Corp. is serving as independent financial advisor, to the Special Committee of MDC's Board of Directors, with DLA Piper LLP (US) and DLA Piper (Canada) LLP serving as legal advisor to the Special Committee of MDC's Board of Directors. Cleary Gottlieb Steen & Hamilton LLP and Fasken Martineau DuMoulin

LLP are serving as legal advisors to MDC. J.P. Morgan Securities LLC is serving as financial advisor to Stagwell, and Freshfields Bruckhaus Deringer US LLP and McCarthy Tétrault LLP are serving as legal advisors to Stagwell. Kingsdale Advisors is serving as strategic shareholder and communications advisor to MDC Partners. Sloane & Company is serving as communications advisor to MDC.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

26.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

27.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

28.     First, the Registration Statement omits material information regarding the Company's and Stagwell's financial projections.

29.     With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate adjusted EBITDA and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

30.     With respect to Stagwell's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate adjusted EBITDA, political avg. adjusted EBITDA, and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

31.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Moelis & Company LLC ("Moelis") and Canaccord Genuity Corp. ("Canaccord").

33. With respect to Moelis' MDC DCF Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values used in the analysis; and (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis.

34. With respect to Moelis' Stagwell DCF Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values used in the analysis; and (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis.

35. With respect to Moelis' Selected Precedent Transactions Analysis, the Registration Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the individual multiples and metrics for the transactions.

36. With respect to Canaccord's Discounted Cash Flow Analysis of MDC, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis.

37. With respect to Canaccord's Discounted Cash Flow Analysis of Stagwell, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis.

38. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39. Third, the Registration Statement fails to disclose the amount of compensation Moelis has received or will receive in connection with its engagement, and the amount of the compensation that is contingent upon consummation of the Proposed Transaction.

40. The omission of the above-referenced material information renders the Registration Statement false and misleading.

41. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and MDC

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. MDC is liable as the issuer of these statements.

44. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

45. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

46. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

47. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

48. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants, Stagwell, MDC, and Merger Sub

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants, Stagwell, New MDC, and Merger Sub acted as controlling persons of MDC within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52. Each of the Individual Defendants, Stagwell, New MDC, and Merger Sub was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

54. Stagwell, New MDC, and Merger Sub also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

55. By virtue of the foregoing, the Individual Defendants, Stagwell, New MDC, and Merger Sub violated Section 20(a) of the 1934 Act.

56. As set forth above, the Individual Defendants, Stagwell, New MDC, and Merger Sub had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

      A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

      B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

      C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

      D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

      E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

      F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 16, 2021                **RIGRODSKY LAW, P.A.**

                                        By:  */s/ Gina M. Serra*
                                               Seth D. Rigrodsky (#3147)
                                               Gina M. Serra (#5387)
                                               Herbert W. Mondros (#3308)
                                               300 Delaware Avenue, Suite 210
                                               Wilmington, DE 19801
                                               Telephone: (302) 295-5310
                                               Email: sdr@rl-legal.com
                                               Email: gms@rl-legal.com
                                               Email: hwm@rl-legal.co*m*

                                               *Attorneys for Plaintiff*